UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:21-CV-00172-FDW

| | |
|---|---|
| KATHY GRIFFEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security[1]*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Kathy Harwood Griffee's ("**Griffee**") Motion for Summary Judgment, (Doc. No. 9), filed on January 18, 2022, wherein Griffee seeks judicial review of an unfavorable administrative decision of her application for Title II Disability Insurance Benefits ("**DIB**") and Disabled Widow's Benefits ("**DWB**") pursuant to 42 U.S.C. § 405(g). Defendant Acting Commissioner of Social Security Kilolo Kijakazi (the "**Commissioner**") filed her Motion for Summary Judgment, (Doc. No. 10), on January 31, 2022, and Griffee subsequently responded, (see Doc. No. 12), on February 14, 2022. The Motions are now ripe for review, and for the reasons set forth below, the Court finds the Administrative Law Judge (the "**ALJ**") committed reversible error. Accordingly, the Court GRANTS Griffee's Motion for Summary Judgment, DENIES the Commissioner's Motion for Summary Judgment,

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

VACATES the Commission's decision, and REMANDS for further proceedings consistent with this Order.

## I. Background

On November 6, 2017, Griffee filed a Title II DIB application for a disability with an alleged onset date of October 10, 2017. (Doc. No. 8-1, pp. 163–64). Her claim was initially denied on March 29, 2018, id. at 65–75, and wad denied again upon reconsideration on July 9, 2018, id. at 76–88, 97. On July 10, 2018, Griffee filed a written request for hearing. Id. at 101–02. She also applied for DWB on January 29, 2019, with an alleged onset date of October 10, 2017. Id. at 90. Her DWB application was escalated and heard alongside her DIB application by an ALJ on August 20, 2019. Id. at 18, 122. The ALJ rendered his decision on October 9, 2019, finding Griffee did not have a disability under §§ 202(e), 216(i), and 223(d) of the Social Security Act. Id. at 27.

In arriving at his decision, the ALJ used the five-step sequential evaluation process set forth in the regulations for determining disability claims. Id. at 20–26. At step one, the ALJ found Griffee met the insured status requirements of the Social Security Act through December 31, 2023, and the non-disability requirements for DWB set forth in § 202(e) of the Social Security Act with the prescribed period ending June 30, 2020. Id. at 20–21. He found that Griffee had not engaged in substantial gainful activity since October 10, 2017. Id. at 21. At step two, the ALJ found Griffee had the following severe impairments: fibromyalgia, degenerative disc disease of the cervical spine and lumbar spine with history of cervical spine fusion, congenital right-side weakness, left shoulder bursitis, De Quervain's tenosynovitis in the left wrist, and osteoarthritis. Id. at 21. At step three, the ALJ found Griffee did not have an impairment or combination of impairments that met

2

or medically equaled the severity of one of the listed impairments pursuant to 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. Id. At step four, the ALJ concluded Griffee

> ha[d] the residual functional capacity [("**RFC**")] to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except with no climbing ladders, ropes, or scaffolds and with occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; and with occasional overhead reaching and frequent handling and fingering.

Id. Based on this RFC, the ALJ found Griffee could perform her past relevant work as a school secretary. Id. at 25–26. Nonetheless, the ALJ continued to step five and found (1) Griffee had transferable work skills applicable to other clerical positions and (2) jobs existed in significant numbers in the national economy that she could perform if she were unable to perform her past work. Id. at 26. Thus, the ALJ ultimately concluded Griffee did not have a disability under §§ 202(e), 216(i), and 223(d) of the Social Security Act from October 10, 2017, through the date of his decision. Id. at 26–27.

Griffee subsequently sought review of the ALJ's decision by the Appeals Council; however, the Appeals Council found no reason under its rules to review the decision and denied her request. (Doc. No. 8-1, pp. 6–8). Then, on July 6, 2021, Griffee filed this action, asserting the ALJ's decision denying Griffee's claim for benefits is erroneous because, in pertinent part, "[t]he findings of fact are not supported by substantial evidence" and "[t]he correct legal standards were not applied in determining the ultimate issues." (Doc. No. 1, pp. 2, 4).

## II. Standard of Review

Section 405(g) of Title 42 of the United States Code provides for judicial review of the Social Security Commissioner's denial of Social Security benefits. "[T]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When examining a disability determination, a

3

reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. Id.; Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not reweigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [ALJ] if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and quotations omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the

4

national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

### III. Analysis

In her Motion, Griffee contends the ALJ erred for two reasons. First, she asserts the ALJ failed to properly evaluate her fibromyalgia pursuant to applicable law because the ALJ was clearly looking for objective evidence of Griffee's fibromyalgia pain in contravention of Arakas v. Comm'r, 983 F.3d 83 (4th Cir. 2020). (Doc. No. 9-1, pp. 3–6). Second, she argues the ALJ's determination of her credibility is erroneous because it was not adequately supported. Id. at 6. For the reasons set forth below, the Court agrees with Griffee's first assignment of error.

When analyzing a claimant's symptoms at step four, an ALJ's analysis is divided into two sub-steps: (1) a determination of the presence of an underlying, medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms; and (2) an evaluation of the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limited the claimant's functional capacity. (Doc. No. 8-1, p. 21–25). See generally 20 C.F.R. § 404.1529; SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); Arakas, 983 F.3d at 95. With respect to sub-step two, the Fourth Circuit held it is "legally erroneous" to "rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia . . . ." Arakas, 983 F.3d at 97–98. The Arakas Court further clarified that, in the context of fibromyalgia, "[i]f considered at all, [objective medical] evidence—along with consistent trigger-point findings—should be treated as evidence *substantiating* the claimant's

impairment." Id. (highlighting fibromyalgia's "unique nature" that renders objective measurement essentially impossible). Since Arakas, courts in this district have consistently found error where an ALJ discounts a claimant's symptoms using objective medical evidence. See, e.g., Jetton v. Comm'r of Soc. Sec. Admin., No. 5:20-cv-00138, 2022 WL 966858, at *3 (W.D.N.C. March 30, 2022); Sexton v. Kijakazi, No. 5:20-CV-188, 2022 WL 3008436, at *6–7 (W.D.N.C. July 28, 2022); Bryson v. Berryhill, No. 1:20-cv-00169, 2021 WL 2517682, at *3–6 (W.D.N.C. June 18, 2021). Recently, this Court held that "[a]lthough prior to Arakas it would have been error to *require* objective evidence substantiating a claimant's fibromyalgia symptoms . . . , after Arakas, an ALJ commits legal error simply by *discounting* a claimant's symptoms using objective evidence." Jetton., 2022 WL 966858, at *3, *3 n.1 (reversing when an ALJ relied on "'treatment notes,' 'medical findings,' and 'medical evidence'" to discount a claimant's statements about her symptoms even though there were indications "the ALJ did not disregard [her] subjective statements about the severity of her physical impairments").

Here, at sub-step one, the ALJ found Griffee did suffer from several severe impairments, including fibromyalgia, stating, "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." Id. at 21. However, at sub-step two, having "considered all symptoms *and the extent to which these symptoms can reasonably be accepted as consistent with objective medical evidence*," the ALJ held "the claimant's statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." Id. (emphasis added). Noting he had "given careful consideration to the claimant's subjective allegations," the ALJ ruled:

> The claimant's allegations of pain and other limiting symptoms, which she asserts prevent her from performing any substantial gainful activity, *are not supported by*

6

> *the evidence of the record to the degree alleged*. Although the claimant has impairments that could reasonably be expected to cause some pain or discomfort, *the medical evidence fails to reveal findings to support pain to the degree alleged*. The claimant *has not required hospitalization* due to pain. Significant adverse side effects are *not indicated in the treatment record. General examinations* show *only* tenderness and mild weakness on the right side. The claimant *has not been prescribed an assistive device for ambulation*. While the claimant indicated she could lift [fifteen] pounds at most, walk [two hundred] feet or so, and stand five to [ten] minutes, *the undersigned finds that this is too restrictive and not supported by objective findings on examination or diagnostic techniques*. . . . For the foregoing reasons, *the undersigned finds that the claimant's allegations of pain and other limiting symptoms are not supported by the evidence of record to the degree alleged*.

Id. at 24–25 (emphasis added).

These portions of the ALJ's opinion clearly demonstrate he used objective medical evidence—as well as the lack thereof—to discount Griffee's subjective symptoms of her fibromyalgia. Because the ALJ "rel[ied] on objective medical evidence (or the lack thereof) . . . to discount [Griffee's] subjective complaints regarding symptoms of fibromyalgia," his determination of her RFC was based on an incorrect legal standard and is thus erroneous. Arakas, 983 F.3d at 97–98; see also Jetton, 2022 WL 966858, at *3.

The Court notes the ALJ's decision in this case predated the Fourth Circuit's decision in Arakas. Accordingly, the ALJ "did not have the benefit of [its] detailed guidance." Jetton, 2022 WL 966858, at *3. Nonetheless, because the ALJ did not "apply the correct legal standards," Bird, 699 F.3d at 340, the Court must find his decision is erroneous and remand the case for further proceedings.

### IV. Conclusion

The Court explicitly notes that by ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Griffee's application for disability benefits nor does the Court express any opinion as to her other assignment of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that

7

decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]") (citations omitted). In declining to address the other assignment of error in dicta here,[2] the Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624–25 (1990)).

IT IS THEREFORE ORDERED that Griffee's Motion for Summary Judgment, (Doc. No. 9), is GRANTED and the Commissioner's Motion for Summary Judgment, (Doc. No. 10), is DENIED.

IT IS FURTHER ORDERED that the Commission's decision is VACATED, and this case is REMANDED for further proceedings consistent with this Order.

IT IS SO ORDERED.

Signed: August 9, 2022

Frank D. Whitney
United States District Judge

---

[2] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe;" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency . . . ."); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).